Good morning. Christopher Stender on behalf of the petitioner, Orlando Turcios. May it please the Court. What's on review before the Court on the petition for review is the Board of Immigration Appeals, March 30th, 2005. Counsel, let me tell you my problem with this case. Yes, Your Honor. I would really like you to win it. One day late, acted perfectly reasonably, sending it in time to get there by express mail. It just seems like you ought to get a break. However, the agency in this Liadoff case has said you don't. And it looks to me like under a gire, gire, we have to defer to the agency's interpretation of its own statute. So we're stuck with Liadoff. I don't see a way around it. If there is, tell me what it is. Well, maybe I'm confused. I thought Turcios involved a different matter. Are you talking about Irigoyen? Do I have the wrong case? I think Irigoyen is the … We're talking about deference brand acts, et cetera. Am I on the wrong case? I'm on the right case? Okay. Okay. I think I can – I'll field the question nonetheless. They're alike. Right. They're similar. I think they're two alike this morning. Yes. You're right. The next – the following case, exactly, I think is – I don't know the factual scenario, but it is an issue of late filing. From my perspective, I think what's important here, if there was intervening board precedent, then I think what's appropriate is to remand the case. My case was filed prior to the Liadoff standard being announced by the Board of Immigration Appeals. If the court finds it's appropriate to give deference to it, the board never had the opportunity to apply that precedent. So certainly, I think the case should be remanded to the board and let them make that decision in the first instance based on their own intervening precedent. Well, they have made it, though, in Liadoff, and they applied it to the petitioner there. They didn't say this is a new rule. They said – I think it was O, the Ninth Circuit case was wrong. Correct. But nonetheless, that decision has not been applied to the facts of our case and whether or not they, in the first instance, will exercise their discretion and jurisdiction to excuse the late filing. You also said, well, how do I see this happening? Well, I think current events are somewhat important in this case. What I found is that on March 23, 2009, a Federal Express cargo plane crashed in Tokyo, Japan, and the cargo burnt and the pilots were killed. Is that a sufficient intervening event that was beyond the control of the litigant that would excuse the late filing? We don't know. I mean, how could that be anticipated? That's not your case, though. That's not our case. Your case is just Christmas and a storm, right? Correct. And we have documentation of that, that it was beyond the control of the litigant. It can't be anticipated by the litigant. And I think what's troubling in the Lyadov case is there's language in it, and we've cited it in our response, our responsorial disquisition, I think, as it's titled, that says, well, how can you anticipate an unanticipatable event, a terrorist act, a plane crash, a weather delay? And what's troubling in Lyadov is the board seems to suggest, well, you know, you really don't have 30 days. You have something less than 30 days. You can't file it on the 11th hour or at the last minute. They use different language to suggest that. I understand. We don't speak for each other. We don't confer beforehand. But I disagree with Lyadov. The question for me is not whether it's right. It's whether we have to defer to it under a gire-gire. And again, as I suggested earlier, if the court wishes to defer to it, then remand it to the board and let them make that decision in the first instance. That's intervening precedent, and I think that would be appropriate. What do we ask them to do exactly? Do you really mean it? Is that the question for them? Well, I think what we'd like, well, from our point of view, what we'd like to do, since they've announced this is the precedent decision, we'd like to be able to address it more directly and make arguments whether or not it's appropriate under the factual scenario of our case. There was no precedent prior to the briefing. It was O, which we relied on in our briefs. It was fully briefed. The government followed the 28J brief, and they said there's some further intervening precedent nonetheless, and they feel that O has been overruled. Well, that was the architecture of our entire brief of our – of these appellate proceedings in our motion to the board, in our brief before this Court. And if the Court wants to defer to Lyadov, I would say that may not be necessary, but if the Court assumes it is, then minimally we'd like a chance to address it to the board in the first instance. Counsel, do we even have to get to the Lyadov question, though? Because as I understand it from the record, based upon your client's criminal background under 8 U.S.C. 1252A2C, we may have a restricted ability to review in any event because he's removable based upon his conviction for crimes. Why do we even get to Lyadov? That's an excellent question. I was going to lead in on this. I'm glad you feel that way. I do. I hadn't luckily anticipated this question. I think that's completely a red herring because what's on review today is the motion to reconsider, the March 30, 2005 decision, and it's attached to the government's brief. What you can see is the board, and I'm going to flip to it quickly, they only retained jurisdiction over the timeliness issue. That's all they decided. They didn't look to whether or not there was a jurisdiction for the appeal or not. The Petition for Review was never addressed, though. I mean, you're getting to the merits of the case. The BIA didn't address the merits of the case, and the Petition for Review is not in the merits of the case. It's strictly the timeliness issue. You want to win on the merits, I mean, otherwise it's just a hollow victory. You want to win on the merits, and if this Court can't review the merits, you're stuck with what the BIA does, right? Respectfully, I think that's looking beyond the issue. That's before the Court. It's the timeliness issue. We've never been able to brief whether or not there's jurisdiction. You know what? Bringing up issues that really are not appropriate for review in this Court, I think, is kind of disingenuous because we've never had our forum to make our arguments. It was kicked out on the timeliness issue. We did not appeal that first decision from the Board. We filed a motion to reconsider, added the evidence from Federal Express saying why it was late. The Board denied it, and that's what the Petition for Review is following. It's strictly timeliness. But we still always have to consider whether we have jurisdiction, don't we, counsel? I mean, even if the Lyotov issue didn't even exist, wouldn't we be having the same issue and the same discussion about jurisdiction because of the criminal convictions? Yes, but the Ninth Circuit found jurisdiction in O.V. Gonzales. The petitioner had a controlled substance conviction and, I think, two prostitution convictions. And on the timeliness issue in and of itself, this Court found jurisdiction under 1252. There was no issue there. And I believe the government in their 28J brief also seems to note that they believe there is jurisdiction. In their second paragraph, they said, to the extent that petitioner raises a genuine issue of law. And then they cite to O. I take that as there is a concession that there's jurisdiction on this petition for review because, again, it's narrowly sculpted to the timeliness issue. We haven't gotten to the merits of the petition, and I don't think it's appropriate to look beyond that right now. We've not had our forum. Even though I don't need to announce it, I'm going to sit down unless there is another question for rebuttal. Nothing? Thank you. Good morning, Your Honors. May it please the Court, Charles Cantor for the Attorney General. I want to first just address a point made by Mr. Stender about remanding this case for the Board to apply Liadov. There's no new rule being announced in Liadov. There's regulations which provide for 30 days in which to file. The Board has always held that that's a mandatory and jurisdictional bar. That's what struck me as wrong about Liadov. The Supreme Court of the United States has said clearly several times that if the statute doesn't say it's jurisdictional, it isn't. I don't see any good reason for Liadov to say that it is, except ipsa dixit. And there's just no good reason. Any court that had jurisdiction would probably consider it an abuse of discretion not to grant the limited nunc pro tunc or one way or another to extend the time when the lawyer had basically done everything right and it was just FedEx's fault or the U.S. Post Office's fault that they didn't comply with their own promise to get it there the next day. Well, first, in response, Judge Kleinfeld, I think that that's correct, that the Supreme Court has made clear that generally, you know, we read statutes to be jurisdictional when Congress says it's jurisdictional. Even on a campaign, courts, lower courts keep saying jurisdiction, and the Supremes keep saying, nope, that's not jurisdiction. You mean failure to state a claim upon which relief can be granted or laid or something like that. Fair enough, Your Honor, except that, one, we're dealing with the Board's regulations. And so it's the Board construing its own regulations, which is a different, even more deferential standard, because it's under our, it's not even a matter of reasonableness. It's whether the interpretation is contrary or inconsistent with the regulations. Counsel, I asked Mr. Stender a question I'd be interested in the government's response. Do we even have to get to the Lyotov question in light of the fact that this petitioner has been convicted of at least two crimes involving moral turpitude as determined by our circuit, and 1252A2C says we have restricted judicial review in that setting. Does the government agree, or do you think that Mr. Stendup is correct about jurisdictional issues? I think that the way the issue is framed in the petitioner's reply, where the, if the issue is seen as what authority does the Board have to consider an untimely notice of appeal, that, I think, would be a legal question. And so there would be jurisdiction under 1252A2D. If that's the issue here, then I think that there is a, there is, there would be jurisdiction. But in the opening brief, I think the argument seems to be, the conclusion seems to be we've demonstrated rare circumstances. That would not be, you know, whether certain. I thought the rare circumstances were that we gave it to the express mail service that had a contractual obligation and guaranteed that it would be delivered the next day, and it wasn't, and we proved it. So the untimeliness decision was an abuse of discretion. In that case, if that's the issue, that's not reviewable. That would be, that's not a question of law, whether the Board should or should not have considered that a rare circumstance or should have revealed it. That wouldn't be a question of law, but a question of law would be, under the regulations, what authority does the Board have? Now, going back to. Well, didn't the authority exercise its discretion in making this determination? That is not, that is not entirely clear from the Board's decision here, because, and this goes to the point I wanted to make at first, that is, the Board has always treated the 30-day limit as jurisdiction. We can just say it's mandatory. And there's been, and there was at the time of the notice of appeal, a provision in the regulations for appeal by certification, which is what the Board has said, that's how we'll consider an untimely notice of appeal, would be by certification. And did they do that in this case? It's not clear that they did or did not. They could have, they could, Petitioner could have asked for it, because the regulations provided for that. There was no request for, to take the appeal by certification. I would say just. Let me back up to something before you move on to the next point. You're saying that the decision that the lateness was not due to a rare circumstance is one of the discretionary ones that we can't review under 1252, what is it, A2B? Right, A2C here, because I think it would be an, it's, the A2C creates the jurisdictional bar when you have a criminal. Well, the moral turpitude, I know we can't review relief on account of discretionary relief for crimes of moral turpitude. I'm more interested in the timeliness issue. And I'm wondering if you're claiming that the discretionary decision not to treat the untimeliness as a rare circumstance is unreviewable. Yes, in the next case. Yes, in Irigoyen. But not in this one. In this case, it's not, it's a discretionary determination. Therefore, it's neither a question of law nor a constitutional claim. And so you can't get past, Judge Smith was saying, the criminal review bar. Well, it even goes beyond that, I think, doesn't it? Because the Real ID Act doesn't confer jurisdiction where the BIA has exercised jurisdiction. I don't think we have a case on point, but De La Vega v. Gonzalez, a Second Circuit case, and Grass v. Gonzalez, an Eighth Circuit case fairly recently, so hold. We have some unpublished opinions that so hold. But I'm just, I'm really confused by the government's position on this. It seems like you're saying that even though the board, in order to get here, exercised discretion, that we still have the ability to review the issue of the timeliness, even though we probably don't have jurisdiction based upon the fact that the BIA exercised its discretion under Real ID. We don't have jurisdiction under that basis. Maybe I'm not, I'm probably not being as clear as I should be. This case, this case is a little tricky and confusing because it predates everything. It predates O, which predates Leodol. This case, I think, is a matter of housekeeping. I think it's first a better choice to make the ruling about whether Leodol is entitled to deference in the case where it's fully briefed, the board's considered it and addressed it. That is the Irigoyen case. And then turn to this case. This case, it's not clear whether the board exercised its jurisdiction to consider, excuse me, exercised its discretion to... There's no discretion involved. There's no question of jurisdiction under the Real ID Act. As to the authority of the board to consider a late filed notice of appeal, that is, I believe that... So you're saying that Leodol controls this case as well. We don't get to the other issues. I think that's correct, and I think that it's important to look at what's going on here in this case. The board's practice manual says, advises clients, advises aliens, don't wait until the last day. File it beforehand. It advises aliens, delays in mailing is generally not going to be enough. It's not going to excuse an untimely... The practice manual, though, doesn't have the force of a reg. I think it's treated as instructions to the staff of the agency, isn't it? And it is controlling to the agency, but to the extent that... The staff have to obey it, but the rest of the world doesn't. It's not the law. No, but to the extent that the petitioner wants to say, I relied on the practice manual to use one of these overnight carriers, yes, but the practice manual also says, don't wait until the last minute. If a clerk of court says, don't wait until the last minute, because she likes to close up the office at 425 instead of 430, a lawyer can just ignore her and come in at 429, can't he? He could. He could, and that might be one of those rare circumstances that the board down the road could consider, if it's a matter of some error on the clerk's office where there's something timely filed and the clerk doesn't record that in time, a situation where a notice of appeal is mailed a week before and it's delayed for over a week, even though it should have been delivered the next day. Here what we have is a mailing just before Christmas. I can't see anything wrong with what the lawyer did in terms of time. It was one day early and it was a one-day guaranteed delivery. I can't remember if this one is FedEx or Postal Service Express Mail, but either way. It would be the same result, Your Honor, if he was sending it in to the Court of Appeals from a district court decision and, you know, got in one day late to file a notice of appeal there. I mean, it can be harsh. The board has said, you know, we'll consider certain rare circumstances, but it's not they didn't do that here. So bottom line, the government says, Irigoyen, you want us to consider the Liodov matter in Irigoyen. Whatever we do in Irigoyen, you want us to do here. Is that what you're saying? I think that makes the most sense, Your Honor. Thank you, counsel. Counsel, you're reserved. Yes. Just briefly, again, Judge Smith asked about the jurisdiction and the criminal issues and the term crime involving moral turpitude has come out. And I've taken the position I think it's premature to get into those issues since we're only looking at the timeliness. Again, there's been and we haven't briefed it and I don't think it was appropriate to brief it. But again, there's been intervening decisions both by the board in Silva Trevino and by this court on Bonk and Marmolejo Campos about what is this crime involving moral turpitude, what facts can be looked at. So to jump ahead and say, well, he was barred review because of his criminal record. Again, it was never briefed. The laws changed long since this case went up on appeal. And again, the board made a narrowly defined decision on the timeliness issue and didn't look beyond and say, well, he's a criminal alien and we're going to look at those facts. None of those facts were looked at in their decision. So I think it's premature. I think we're defined just to the timeliness issue. There was no review of any of this by an I.J. as well in terms of the criminal background issue? Well, I thought he specifically confessed to the fact that he had in fact been convicted of sale of cocaine, felony spousal abuse, resisting arrest and eight separate instances of petty theft. Where did that come from? We didn't make it up. It's in the record, isn't it? It's in the record. It's in the notice to appear. But again, that is not the issue that was briefed up on appeal. It was just the narrowly defined issue, the timeliness. And the petition for review was based on the March 30th decision from the board on the timeliness. So you're saying that even though it's a jurisdictional issue and even though it's in the record, you want us to say, just forget all of that as far as jurisdiction is concerned. We want you to focus on this one area that we've concentrated on. That's what the board decision did, and I think that's what the PFR has filed on, and I think that is what is appropriate in this matter. Have I got this right? I thought the only thing that you appealed was the denial of the motion to reconsider, and the only ground for the motion to reconsider was on timeliness. Correct. And that's why we're here on timeliness. Have I missed something? No. That's what I'm saying also. If I have not said that, that's what I'm saying. Thank you, Your Honor. Thanks. Cercio v. Holder is submitted. And we will hear Irigoyen Briones v. Holder.
judges: Kleinfeld, Smith M., Siler